IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **URSULA MONIQUE BALL** | * | |
| | * | |
| v. | * | Civil Case No. JFM-14-3669 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered both parties' dispositive motions. [ECF Nos. 11, 14]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Ms. Ball's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Ball filed applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") in 2010. (Tr. 217-18, 232-41). Her applications were denied initially and on reconsideration. (Tr. 126-28, 130-31). An Administrative Law Judge ("ALJ") held a hearing on October 6, 2011. (Tr. 70-103). Following the hearing, the ALJ determined that Ms. Ball was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 106-21). The Appeals Council granted Ms. Ball's request for review, and remanded the case to the ALJ for further consideration. (Tr. 122-25). The ALJ held a second hearing on May 3, 2013, (Tr. 43-69), and again denied benefits in a decision dated May 28,

2013. (Tr. 19-42). This time, the Appeals Council denied Ms. Ball's request for review, (Tr. 1-7), so the ALJ's 2013 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Ball suffered from the severe impairments of obesity, chronic pain disorder, cervical and lumbar disc disorder, neuropathic pain in right upper extremity, and Erb's Palsy. (Tr. 25). Despite these impairments, the ALJ determined that Ms. Ball retained the residual functional capacity ("RFC") to

> perform light work, as defined in 20 CFR 404.1567(b), except with the following limitations. The claimant has the ability to lift and carry up to 10 pounds with the dominant hand and arm, and up to 20 pounds with the non-dominant hand and arm. There would also be a limitation with regard to pushing and pulling with the dominant upper extremity, such that the activity is precluded. In addition, the claimant has the following non-exertional limitations. She cannot perform any work involving the use of ladders, ropes, or scaffolds as well as crawling. She could perform the other postural activities occasionally, such as use of stairs or ramps, balancing, bending, stooping, kneeling, crouching, or squatting. There would be a limitation involving the use of the dominant hand and arm, including that reaching in all directions is essentially precluded due to the claimant's inability to fully extend the dominant arm in any direction. There would be a limitation in gripping, but this limitation would only be occasional. She would have to avoid concentrated exposure to hazards such as moving machinery and unprotected heights. Finally, the combination of pain, as well as the effects of medication would limit the ability to concentrate, to maintain attention for extended periods, as well as to keep up the pace. The cumulative effect of these limitations is a reduction in productivity, but the claimant could remain productive more than 80 percent of the time.

(footnote omitted)(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Ball could perform jobs existing in significant numbers in the national economy, including the light jobs of counter clerk and mail clerk, and the sedentary jobs of order clerk and call out operator. (Tr. 35). Therefore, the ALJ concluded, Ms. Ball was not disabled. *Id.*

Ms. Ball disagrees. She raises two primary arguments on appeal: (1) that the ALJ erred in the assignments of weight to various medical sources; and (2) that the ALJ erred in assessing her credibility. Each argument lacks merit.

Ms. Ball contends that the ALJ assigned too little weight to the opinions of two of her treating physicians, Drs. Szkotnicki and Shockley, and too much weight to the opinions of two non-examining State agency physicians. Pl. Mot. 10-15. Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In this case, the ALJ summarized in detail the opinions of both Dr. Szkotnicki and Dr. Shockley. (Tr. 30-31, 33). With respect to Dr. Szkotnicki's opinions, the ALJ provided a summary of the treatment records from his practice, noting that the treatments records were "unremarkable" and that most dealt with "minor complaints or impairments" unrelated to her back or right extremity pain. (Tr. 30). The ALJ then concluded that Dr. Szkotnicki's "opinions are not consistent with his own treatment records and the other evidence of record." (Tr. 31). While more specificity in that particular justification would have been welcome, the ALJ's opinion remains conducive to judicial review because the ALJ provided a detailed summary of the "other evidence of record" elsewhere in the opinion. Specifically, the ALJ reviewed the results of objective testing, the treatment records from the Orthopedic and Sports Medicine Center, the examination records from Dr. Brushart, and the treatment records from Metro Spine Pain Center, all of which suggested greater function than the opinions authored by Dr. Szkotnicki. (Tr. 29-31). Accordingly, the assignment of "minimal weight" to the opinion of Dr. Szkotnicki was supported by substantial evidence.

The opinion of Dr. Shockley was similarly assigned "minimal weight" on the grounds that it was "inconsistent with the claimant's treatment records, the claimant's activities of daily living, and the other evidence of record." (Tr. 33). While, again, that justification would ideally have been more specific, the evidence detailed above provides substantial evidence to justify the assignment of minimal weight. Additionally, the record contains reports from only two visits

with Dr. Shockley prior to the issuance of the opinion. Although the ALJ did not address the issue, then, it is questionable whether Ms. Ball had a sufficient longitudinal relationship with Dr. Shockley for him to be viewed as a "treating physician." *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (noting that the ALJ must generally give more weight to the opinion of a treating physician because that physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability). Finally, at the visits with Dr. Shockley, the treatment notes reflected only moderate symptoms and no changes or increases in medications or other treatment. (Tr. 491-92, 511, 526). Those notes stand in contrast to Dr. Shockley's opinion that Ms. Ball has severe limitations in walking/standing and almost a complete inability to use her right arm and hand. (Tr. 522-29). Thus, the assignment of minimal weight is again supported by substantial evidence.

Ms. Ball further contends that the ALJ assigned too much weight to the opinions of the non-examining State agency consultants. However, the law recognizes that State agency medical sources are "highly qualified physicians, psychologists, and other medical specialists who are experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The consultants in this case provided explanation of the medical support for their conclusions. (Tr. 403, 415). Although Ms. Ball sought additional treatment after the dates of the State agency consultants' opinions, their opinions are no less valid simply because they do not incorporate developments that occurred later in time. Finally, the ALJ did not use the State agency physicians' opinions to discredit the opinions of the treating sources, but relied independently on medical evidence in the evaluation of those opinions. Thus, the ALJ's decision appropriately assigned weight to the opinions of medical sources, and remand is unwarranted.

Ms. Ball also argues that the ALJ erred in assessing her credibility. Pl. Mot. 15-17. Specifically, she contests the ALJ's reliance on her activities of daily living (ADLs), and his

4

characterization of her medical treatment from Drs. Szkotnicki and Shockley.  *Id.*  However, Social Security regulations expressly provide that ADLs are relevant considerations in determining a claimant's credibility.  *See* 20 C.F.R. § 404.1529(c)(3).  In addition, the ALJ did not rest his conclusion solely on Ms. Ball's ADLs, but also cited extensively to the medical evidence of record, including objective testing and clinical findings, and the nature of the treatment rendered by her medical providers. (Tr. 29-32).  In addition, I find nothing erroneous about the ALJ's characterization of the nature of Ms. Ball's medical treatment or the findings made by her treating physicians.  The record reflects that, while Ms. Ball did make occasional complaints of arm pain, the majority of the treatment records from Dr. Szkotnicki dealt with unrelated, and relatively minor, complaints.  *See, e.g.,* (Tr. 444-45, 452, 454, 456, 459). Moreover, as noted above, the ALJ appropriately called the conclusions of Drs. Szkotnicki and Shockley into question as a result of inconsistencies with the other medical evidence of record. Finally, the ALJ correctly noted that Ms. Ball's medical conditions had not required "surgery, hospitalization, or extensive medical treatment."[1]  (Tr. 32).  Accordingly, the ALJ's credibility evaluation was supported by substantial evidence and does not warrant remand.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

---

[1] I note that the ALJ used some language that could be problematic under *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), an appeal recently decided by the United States Court of Appeals for the Fourth Circuit. In *Mascio,* the Court rejected boilerplate credibility language that pointed to the inconsistency between the claimant's assertions and the RFC assessment, noting that it was improper for the ALJ to determine the RFC assessment before considering credibility.  *Id.* at 639.  While the ALJ in Ms. Ball's case did not use the exact boilerplate discussed in *Mascio*, he did refer to the fact that her subjective symptoms "are not fully credible, except as to the extent of the residual functional capacity determined by the undersigned Administrative Law Judge."  (Tr. 32).  While the ALJ's use of that language constitutes error, the ALJ's discussion of Ms. Ball's credibility is sufficient to render the error harmless under the dictates of *Mascio*.  *See Mascio,* 780 F.3d at 639 ("The ALJ's error would be harmless if he properly analyzed credibility elsewhere.").  In this case, the ALJ specifically addressed different categories of assertions made by Ms. Ball, and cited to record evidence discrediting each category.  *See, e.g.,* (Tr. 31) (allegations of disabling back and neck pain); (Tr. 32) (allegations regarding "the frequency, severity, and duration of her fatigue, pain, and difficulty with sleeping.").

1. The Court DENY Plaintiff's Motion for Judgment on the Pleadings [ECF No. 11];

2. the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 14];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: August 31, 2015                                   /s/
                                                         Stephanie A. Gallagher
                                                         United States Magistrate Judge